NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**COREY DEMOND STOGLIN,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2014-3099

---

Petition for review of the Merit Systems Protection Board in No. CH-0752-12-0357-I-1.

---

Decided: February 11, 2015

---

COREY DEMOND STOGLIN, Minneapolis, MN, pro se.

SARA B. REARDEN, Office of the General Counsel, Merit Systems Protection Board, Washington, DC, for respondent. Also represented by BRYAN G. POLISUK.

---

Before LOURIE, REYNA, and WALLACH, *Circuit Judges.*

PER CURIAM.

Petitioner Corey Stoglin appeals a final order of the Merit Systems Protection Board ("Board") dismissing his petition for review as untimely filed without a showing of good cause for the delay. *See Stoglin v. Dep't of Labor*, CH-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-I-1 (M.S.P.B., Feb. 18, 2014) (Resp't's App. 1–5) ("Final Order"). Because the Board properly dismissed Mr. Stoglin's petition, this court affirms.

BACKGROUND

I.

Petitioner Corey Stoglin worked as a compliance officer with the United States Department of Labor ("Agency"). On July 5, 2011, the Agency proposed to suspend Mr. Stoglin under an Alternative Discipline Agreement ("Agreement") for thirty days due to "misuse of his government credit card and non-payment of the resulting debt." *See Stoglin v. Dep't of Labor*, CH-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-I-1 (M.S.P.B, July 10, 2012) (Resp't's App. 6–15) ("Initial Decision").

The Agreement mandated Mr. Stoglin "will be in a leave without pay (LWOP) status for a period of seven [] duty days spanned over four [] pay periods." *Id.* at 8. The Agreement also required Mr. Stoglin to "pay all outstanding credit card balance owed on his government issued travel card by January 23, 2012." *Id.* Finally, it stipulated that if Mr. Stoglin failed to take any action effectuating any part of the Agreement, the deciding official "will issue his decision to suspend [Mr. Stoglin] from duty and pay for thirty [] calendar days." *Id.*

Mr. Stoglin breached the Agreement by failing "to pay the outstanding credit card debt by January 23, 2012." *Id.* Per the terms of the Agreement, the Agency subsequently suspended him for thirty days. On March 21, 2012, Mr. Stoglin filed an appeal from the Agency's action suspending him from duty.

In addition to his appeal contesting the thirty-day suspension, Mr. Stoglin argued the Agency's suspension violated the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA") (38 U.S.C. §§ 4301–33), and the Veterans Employment Opportunity Act ("VEOA") (5 U.S.C. § 3330a). Mr. Stoglin's VEOA and USERRA claims were unrelated to his appeal contesting the Agency's thirty-day suspension.[1]

## A. Initial Decision

On July 10, 2012, the Administrative Judge ("AJ") issued an initial decision dismissing Mr. Stoglin's appeal of his thirty-day suspension because it found the Board lacked jurisdiction to entertain his claims. Upon reviewing the Agreement, the AJ determined Mr. Stoglin "specifically and unambiguously waived his right to pursue a Board appeal of his 30-day suspension." Initial Decision at 8. The AJ determined that if Mr. Stoglin "wished to preserve his right to seek Board review, he had the burden to expressly reserve that right under the settlement agreement." *Id.* at 4 (citing *Mays v. USPS*, 995 F.2d 1056, 1060 (Fed. Cir. 1993)). However, the AJ found the Agreement unambiguously states Mr. Stoglin "will not contest the contents of the agreement in any administrative or judicial forum, including the [Board]." *Id.* at 5. Therefore, the AJ held "as a result of the [Agreement] and the appellant's waiver, the Board is divested of jurisdiction over this matter." *Id.* at 5–6 (citing *Grubb v. Dep't of the Interior*, 76 M.S.P.R 639, 643–44 (1997)).

---

[1] In the Initial Decision, the Board found Mr. Stoglin failed to make nonfrivolous allegations under VEOA and USERRA with respect to his thirty-day suspension. Following this determination, the Board concluded it did not have jurisdiction over Mr. Stoglin's VEOA and USERRA claims.

In the Initial Decision, a Notice to Appellant ("Notice") was provided to Mr. Stoglin, stating: the "[I]nitial [D]ecision will become final on *August 14, 2012*, unless a petition for review is filed by that date or the Board reopens the case on its own motion." *Id.*

## B. Petition for Review

On June 5, 2013, the Board "informed [Mr. Stoglin] that his petition for review in the instant case did not meet the Board's filing requirements because it appeared that it was not filed by August 14, 2012." Final Order at 2.

On February 18, 2014, the Board issued a Final Order dismissing Mr. Stoglin's petition as untimely filed without showing good cause for the delay. In doing so, the Board found "[t]he [I]nitial [D]ecision remains the final decision of the Board regarding the appellant's March 21, 2012 appeal of the 30-day suspension." *Id.* at 4 (citing 5 C.F.R. § 1201.113).

## DISCUSSION

## I. Standard of Review and Jurisdiction

This court's review of a decision of the Board is limited by statute. The Board's decision must be affirmed unless it is: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2012); *see Briggs v. Merit Sys. Prot. Bd.*, 331 F.3d 1307, 1311 (Fed. Cir. 2003).

This court can set aside a Board decision "unsupported by substantial evidence when it lacks such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *McLaughlin v. Office of Pers. Mgmt.*, 353 F.3d 1363, 1369 (Fed. Cir. 2004) (internal quotation marks and citations omitted). "[W]hether the

regulatory time limit for an appeal [of an agency action] should be waived based upon a showing of good cause is a matter committed to the Board's discretion and this court will not substitute its own judgment for that of the Board." *Walls v. Merit Sys. Prot. Bd.*, 29 F.3d 1578, 1581 (Fed. Cir. 1994) (quoting *Mendoza v. Merit Sys. Prot. Bd.*, 966 F.2d 650, 653 (Fed. Cir. 1992) (en banc)).

Mr. Stoglin appeals the Board's decision dismissing his appeal as untimely filed. This court has jurisdiction under 28 U.S.C. § 1295(a)(9) (2012).

II. Mr. Stoglin Does Not Have a Claim under USERRA

On appeal to this court, Mr. Stoglin again argues the Board applied the incorrect law because "USERRA was not applied as liberally as Congress intended . . . [and the Board] never addressed many of the issues of [his] case." Pet'r's Br. 1. Furthermore, Mr. Stoglin contends the Board's decision "was . . . a retaliation by an agency official who violated USERRA." *Id.*

In its Initial Decision, the Board noted Mr. Stoglin "made several additional VEOA and USERRA claims unrelated to his [thirty-day] suspension," and that "these claims were separated out and addressed in [other proceedings]." Initial Decision at 2 n.1. Additionally, in its Final Order, the Board stated:

> The appeal that was docketed as MSPB Docket No. CH-4324-12-0389-I-1 involved allegations that the agency violated his rights under USERRA. In a July 17, 2012 initial decision, the [AJ] dismissed that appeal for lack of jurisdiction. The Board dismissed the petition for review of that initial decision as untimely filed without good cause shown. The appellant sought judicial review of that decision before the U.S. Court of Appeals for the Federal Circuit.

Final Order at 2 n.2 (citations omitted).

Mr. Stoglin does not challenge the validity of the Board's determination that his petition was untimely filed. Additionally, because Mr. Stoglin's USERRA claims were not addressed by the Board in its Final Order and are currently being litigated in a different judicial proceeding, his claims are not properly before this court.[2] *See, e.g.*, *Wallace v. Dep't of the Air Force*, 879 F.2d 833 (Fed. Cir. 1989) (applying the "general principle" that appellate courts will not consider "an issue that was not properly raised before or decided by the Board.").

### III. The Board Correctly Determined Mr. Stoglin's Appeal Was Untimely without a Showing of Good Cause

A petitioner filing an untimely petition for review must show there was good cause for the delay and that he "exercised due diligence in attempting to meet the filing deadline." *Zamot v. Merit Sys. Prot. Bd.*, 332 F.3d 1374, 1377 (Fed. Cir. 2003); *see also* 5 C.F.R. § 1201.114(g). Additional factors demonstrating whether there is good cause for an untimely filing include "the length of the delay, whether the [petitioner] was notified of the time limit, the existence of circumstances beyond the [petitioner's] control that affected his ability to comply with the deadline, the [petitioner's] negligence, if any, and any unavoidable casualty or misfortune that may have prevented timely filing." *Zamot,* 332 F.3d at 1377. The burden is on the petitioner to show excusable delay. *See Mendoza*, 966 F.2d at 653 (Fed. Cir. 1992). Therefore, before the Board, the burden rests with Mr. Stoglin to provide evidence showing he exercised diligence and ordinary prudence in filing his appeal twenty-four days late. *See id.*

---

[2]   On November 4, 2014, this court granted the Board's motion to remand Mr. Stoglin's appeal asserting his USERRA claim to the Board for further proceedings.

## A. Substantial Evidence Supports the Board's Determination that Mr. Stoglin's Petition for Review Was Untimely

"[A] petition for review must be filed within 35 days after the date of issuance of the initial decision or, if the petitioner shows that the initial decision was received more than 5 days after the date of issuance, within 30 days after the date the petitioner received the initial decision." 5 C.F.R. § 1201.114(e). Here, the Initial Decision was issued on July 10, 2012 and specifically stated it "will become final on August 14, 2012 [(i.e., thirty-five days after the issuance of the initial decision)], unless a petition for review is filed by that date or the Board reopens the case on its own motion." Initial Decision at 8. Mr. Stoglin did not file his petition until September 7, 2012–twenty four days after the deadline.

The certificate of service shows the Initial Decision was served on Mr. Stoglin, a registered e-filer, by electronic mail. Furthermore, Mr. Stoglin's appeal to this court is devoid of any evidence he did not understand the language in the initial decision providing the date requiring him to file a timely petition for review. The Board has denied a waiver to its regulatory time limit in instances where the petitioner does not establish a good reason for an untimely filing. *Wright v. Dep't of the Treasury*, 113 M.S.P.R. 124, ¶¶ 8–9 (2010) (finding an eleven day delay not minimal when appellant has not shown good cause for delay). Thus, the Board did not abuse its discretion in finding Mr. Stoglin's petition for review was untimely.

## B. Mr. Stoglin Did Not Provide Evidence of Good Cause to Waive the Regulatory Time Limit

On appeal, Mr. Stoglin urges this court to "reverse the findings of the MSPB" because the AJ "failed to get the facts of the case right despite [his] best efforts to explain the motivating behavior of the agency." Pet'r's Br. 2. Mr. Stoglin sought to present additional evidence "regarding

the [A]gency's purported violations of veterans' preference laws." Final Order at 4. In arguing the Board should waive the regulatory time limit to allow him to present this evidence, Mr. Stoglin contends this evidence was not available before the record closed. Resp't's Br. 9.

Although Mr. Stoglin argues the evidence was unavailable prior to the closing of the record, he has not provided any evidence that he attempted to obtain the evidence prior to the close of the record. *See Phillips v. U.S. Postal Serv.,* 695 F.2d 1389, 1391 (Fed. Cir. 1982) (stating delay is excusable where, under the circumstances, a petitioner exercises diligence or ordinary prudence).

Moreover, the evidence sought to be presented by Mr. Stoglin could not establish good cause for his untimely filed petition because it addresses the merits of the case rather than the reason for the delay. Thus, Mr. Stoglin has failed to show he exercised diligence and ordinary prudence in filing his appeal. *See Mendoza*, 966 F.2d at 653.

Even accounting for his *pro se* status, the Board had sufficient evidence to support its finding. The Board considered many appropriate factors such as the extent of Mr. Stoglin's delay, his knowledge and access to the Initial Decision, and the reasons provided as to why the Board should waive the regulatory time limit. It did not abuse its discretion by dismissing the appeal for failure to show good cause.

## CONCLUSION

For the foregoing reasons, the Board's decision is

## **AFFIRMED**

No costs.